Slade Cutter (Pro Hac Vice Application Pending)
slade@wittliffcutter.com
WITTLIFF CUTTER, PLLC
1803 West Avenue
Austin, Texas 78701
Telephone:  (512) 874-6103
Facsimile:   (512) 874-7138

Kavon Adli (State Bar No. 203040)
kavon@tilg.us
Seth W. Wiener (State Bar No. 203747)
seth@tilg.us
THE INTERNET LAW GROUP
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Facsimile:  (310) 356-3257

Attorneys for Plaintiff
AFFILIATE SUMMIT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFILIATE SUMMIT CORPORATION,<br><br>           Plaintiff,<br>      v.<br><br>EXHIBITORS HOUSING SERVICES,<br>EXHIBITION HOUSING SERVICES LLC,<br>MOHAMED ELSAYED ELBASTAWESY,<br>AND DOES 1 TO 100, INCLUSIVE,<br><br>           Defendants. | CASE NO.:  14-7588<br><br>**PLAINTIFF AFFILIATE SUMMIT CORPORATION'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff Affiliate Summit Corporation ("Plaintiff" or "Affiliate Summit") for its Complaint against Defendants Exhibitors Housing Services, Exhibition Housing Services LLC, Mohamed Elsayed Elbastawesy, and Does 1 to 100, inclusive (collectively, "Defendants"), hereby makes the allegations below.

-1-

Complaint

**PARTIES**

2. Plaintiff is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the Commonwealth of Virginia.

3. Plaintiff alleges on information and belief that Defendant Exhibitors Housing Services ("EHS") is a business entity of unknown form, with its principal place of business at 515 South Flower Street, 36th Floor, Los Angeles, California 90071.

4. Plaintiff alleges on information and belief that Defendant Exhibition Housing Services LLC ("EHS LLC") is a limited liability company organized under the laws of the State of California, with its principal place of business at 414 South Prospectors Road, Suite F, Diamond Bar, California 91765.

5. Plaintiff alleges on information and belief that Defendant Mohamed Elsayed Elbastawesy ("Elbastawesy") is an individual, and is the agent for service of process for EHS LLC.

6. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 to 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

**JURISDICTION AND VENUE**

8. The Court has subject matter jurisdiction over this pursuant to 28 U.S.C. § 1331, 1332, 1338 and 1367 because the action arises under the Lanham Act, 15 U.S.C. § 1551, and because Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because certain of the Defendants resides in this District and also under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTS**

10. Affiliate Summit is the premier affiliate marketing trade show in the United States. As such, hundreds of companies and thousands of individuals patronize Affiliate Summit and rely on it to

provide a forum for growing their businesses and staying updated on industry trends. Affiliate Summit has been in operation for over ten years and registered its trademark with the United States Patent Office (Registration No. 3,798,636) in 2010 (the "Registered Trademark"). Over the years, Plaintiff has built a formidable brand and substantial good will within the affiliate marketing industry. It has also achieved a high level of commercial success.

11. Unfortunately, Affiliate Summit's success has made it the target of unscrupulous parties, like Defendants, who hold themselves out as "authorized" Affiliate Summit service providers and then attempt to use Affiliate Summit's trademarked brand name to sell attendees various products and services.

12. Specifically, representatives of Defendants (who have identified themselves as "Chloe Adams," "Sam Anderson," "Jack Nelson," and "Harvey") have called Affiliate Summit attendees, claiming that they are "handling the hotel bookings for Affiliate Summit West 2015." These individuals have fraudulently used the Affiliate Summit trademark in an attempt to trick attendees into booking hotel rooms through Defendants for "special discounted conference rates."

13. Moreover, Plaintiff alleges on information and belief that Defendants actually charge exorbitant booking fees that result in higher overall costs to users of their "service."

14. Affiliate Summit has no relationship with Defendant and never authorized Defendants or Defendants' employees or agents to contact attendees on Affiliate Summit's behalf.

15. By falsely claiming an affiliation with Affiliate Summit in an attempt to trick trade show attendees into buying over-priced hotel accommodations, Defendants have caused Affiliate Summit substantial compensable damage. This includes, without limitation, harm to Affiliate Summit's business reputation and standing and its relationships with other members of the affiliate marketing industry. Furthermore, the complete scope oInfrf the illegal actions perpetrated by Defendants and the damages caused by Defendants have not yet been fully discovered.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

16. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

17. Defendants, without authorization, have used and are using Plaintiff's Registered Trademark in Defendants' attempt to fraudulently sell trade show attendees' various housing accommodations.

18. Defendants' use of Plaintiff's Registered Trademark is in violation and derogation of Plaintiff's federal trademark rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendants' goods and services, thereby causing loss, damage, and injury to Plaintiff and the purchasing public.

19. As a result of Defendants' acts, Defendants are liable to Plaintiff under the Lanham Act § 43, 15 U.S.C. § 1114.

20. Defendants knew, or are deemed to be on notice, of Plaintiff's rights by virtue of the federal registration of Plaintiff's Registered Trademark.

21. Defendants' wrongful and fraudulent acts have permitted or will permit it to profit from the strength of Plaintiff's advertising, sales and consumer recognition and Plaintiff's Registered Trademark.

22. Defendants' conduct has been and is knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Plaintiff's rights in Plaintiff's Registered Trademark.

23. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will be deprived of the value of Plaintiff's Registered Trademark as a commercial asset.

24. In addition to other relief, Defendants' violation of Lanham Act § 32(1)(a) entitles Plaintiff to an award of three times its actual damages or profits of the Defendants, whichever is greater, together with reasonable attorneys' fees, pursuant to Lanham Act § 35(b), 15 U.S.C. § 1117.

25. Defendants' acts irreparably harm Plaintiff's Registered Trademark and goodwill, and will continue to do so unless enjoined.  Plaintiff has no adequate remedy at law for Defendants' violations of Plaintiff's rights.

## SECOND CAUSE OF ACTION

## DILUTION BY TARNISHMENT OF FEDERALLY REGISTERED TRADEMARK

26. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

Complaint

27. Plaintiff's Registered Trademark is famous because it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner, Affiliate Summit Corporation.

28. Defendants' use of Plaintiff's Registered Trademark is likely to tarnish and dilute the Registered Trademark due to an association arising from Defendants' fraudulent objectives, thus harming the reputation of the Plaintiff's famous mark.

29. As a result of Defendants' acts, Defendants are liable to Plaintiff under the Trademark Dilution Revision Act, 15 U.S.C. § 1125.

30. Defendants' acts irreparably harm Plaintiff's Registered Trademark and goodwill, and will continue to do so unless enjoined. Plaintiff has no adequate remedy at law for Defendants' violations of Plaintiff's rights.

## THIRD CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION

31. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

32. Defendants' use of the Registered Trademark constitutes a false designation of origin, a false or misleading descript of fact or a false or misleading representation of fact which is is likely to cause confusion mistake or decent in violation of the Lanham Act, § 43(a), 15 U.S.C. § 1125(a).

33. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

34. Plaintiff has no adequate remedy at law.

35. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## FOURTH CAUSE OF ACTION

## CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION

36. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

Complaint

37. Defendants' infringement of Plaintiff's Registered Trademark is likely to cause consumer confusion and dilution of Plaintiff's Registered Trademark in violation of California Business and Professions Code §§ 1424 and 14247.

38. Defendants infringed and diluted Plaintiff's Registered Trademark with knowledge and intent to cause confusion, mistake or deception.

39. Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of Plaintiff for which California law allows the imposition of exemplary damages.

40. Pursuant to California Business and Professions Code §§ 14247 and 14250, Plaintiff is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by Plaintiff by reason of Defendants' infringement of Plaintiff's Registered Trademark.

## FIFTH CAUSE OF ACTION

## CALIFORNIA UNFAIR COMPETITION

41. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

42. Defendants' conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business and Professions Code § 17200.

43. As a consequence of Defendants' actions, Plaintiff is entitled to injunctive relief and an order that Defendants disgorge all profits derived from the conduct alleged in this Complaint.

## SIXTH CAUSE OF ACTION

## CALIFORNIA FALSE ADVERTISING

44. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

45. Defendants' conduct as alleged in this Complaint is unlawful within the meaning of California Business and Professions Code § 17500.

Complaint

46. As a consequence of Defendants' actions, Plaintiff is entitled to injunctive relief and an order that Defendants disgorge all profits derived from the conduct alleged in this Complaint.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

47. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

48. There were contracts between Plaintiff and trade show attendees.

49. Defendants knew of the contracts between Plaintiff and trade show attendees.

50. Defendants intended to disrupt the performance of the contracts between Affiliate Summit and trade show attendees.

51. Defendants' conduct prevented performance or made performance of the contracts between Affiliate Summit and trade show attendees more expensive or difficult.

52. Plaintiff was harmed.

53. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## EIGHTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

54. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

55. Affiliate Summit and its trade show attendees were in an economic relationship that probably would have resulted in an economic benefit to Plaintiffs.

56. Defendants knew of the relationship between Affiliate Summit and its trade show attendees.

57. Defendants intended to disrupt the relationship between Affiliate Summit and its trade show attendees.

58. Defendants engaged in the aforementioned wrongful conduct.

59. Defendants' conduct disrupted the relationship between Affiliate Summit and its trade show attendees.

60. Plaintiff was harmed.

Complaint

61. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's harm.

## NINTH CAUSE OF ACTION

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

62. Affiliate Summit incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

63. Affiliate Summit and its trade show attendees were in an economic relationship that probably would have resulted in an economic benefit to Plaintiffs.

64. Defendants knew or should have known of the relationship between Affiliate Summit and its trade show attendees.

65. Defendants knew or should have known that the relationship between Affiliate Summit and its trade show attendees would be disrupted if Defendants failed to act with reasonable care.

66. Defendants failed to act with reasonable care.

67. Defendants engaged in the aforementioned wrongful conduct. Defendants' conduct disrupted the relationship between Affiliate Summit and its trade show attendees.

68. Plaintiff was harmed.

69. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

a. Preliminary and permanently enjoin Defendants, as well as the Defendants' officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants, from use of the Registered Trademark or any other colorable imitation of the Registered Trademark in any advertisement, promotion, offer for sale, or sale of any goods or services;

b. Find Defendants liable for infringement of the Registered Trademark and for the acts of unfair competition and trademark dilution;

c. Order an award to Plaintiff of all actual damages, in the minimum amount of one million dollars, and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

d. Order an award of three times the amount of Plaintiff's damages;

Complaint

e. Order disgorgement of Defendants' unlawfully-obtained profits;

f. exemplary and punitive damages;

g. attorney's fees and other litigation costs;

h. costs of court;

i. pre-judgment interest on all damages and/or profits awarded by the Court;

j. such other and further relief to which they may be justly entitled.

Dated:  September 30, 2014       WITLIFF CUTTER, PLLC

By: _____
Slade Cutter
Attorneys for Plaintiff
AFFILIATE SUMMIT CORPORATION

THE INTERNET LAW GROUP

By: _____
Seth W. Wiener
Attorneys for Plaintiff
AFFILIATE SUMMIT CORPORATION

**DEMAND FOR TRIAL BY JURY**

Plaintiff Affiliate Summit Corporation demands a trial by jury on all claims so triable.

Dated:  September 30, 2014       WITLIFF CUTTER, PLLC

By: _____
Slade Cutter
Attorneys for Plaintiff
AFFILIATE SUMMIT CORPORATION

THE INTERNET LAW GROUP

By: _____
Seth W. Wiener
Attorneys for Plaintiff
AFFILIATE SUMMIT CORPORATION

Complaint